UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUMMER KASANDRA WALSH,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>    Defendant. | Case No.: 1:13-cv-00991- JLT<br><br>ORDER DIRECTING CLERK TO ISSUE SUMMONS AND SOCIAL SECURITY CASE DOCUMENTS<br><br>ORDER DIRECTING UNITED STATES MARSHAL FOR SERVICE OF THE FIRST AMENDED COMPLAINT<br><br>(Doc. 8) |

Summer Kasandra Walsh ("Plaintiff") is proceeding *in forma pauperis* with an action seeking judicial review of a determination of the Social Security Administration. On July 26, 2013, Plaintiff filed her First Amended Complaint (Doc. 8), which is now before the Court for screening.

**I.**    **Screening Requirement**

When a plaintiff proceeds *in forma pauperis*, the Court is required to review the complaint, and shall dismiss the case at any time if the Court determines that the action is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2). The Court must screen the First Amended Complaint because an amended complaint supersedes the previously filed complaint. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

///

## II.     Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to give a defendant fair notice of the claims against him, and the grounds upon which the action stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted: "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (internal quotation marks, citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth. *Id.* Leave to amend a complaint should be granted where deficiencies can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000).

## III.    Jurisdiction

Plaintiff seeks review of a decision by the Commissioner of Social Security denying disability benefits. (Doc. 8). The Court may have jurisdiction pursuant to 42 U.S.C. § 405(g), which provides in relevant part:

> Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced **within sixty days after the mailing to him of such decision or within such further time as the Commissioner may allow**. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business . . . The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

*Id.* (emphasis added).  Except as provided, "[n]o findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency." 42 U.S.C. § 405(h).  These regulations "operate as a statute of limitations setting the time period in which a claimant may appeal a final decision of the Commissioner." *Cogburn v. Astrue*, 2013 U.S. Dist. LEXIS 152351, at * 5 (E.D. Cal. Oct. 29, 2010) (citing *Bowen v. City of New York*, 476 U.S. 467, 479 (1986); *Vernon v. Heckler,* 811 F.2d 1274, 1277 (9th Cir.1987)).  The time limit is a condition on the waiver of sovereign immunity, and it must be strictly construed.  *Id.*

## IV.     Discussion and Analysis

According to Plaintiff, the Appeals Council denied her request for review of the decision rendered by the administrative law judge on April 5, 2013, at which time the decision became the final decision of the Commissioner.  (Doc. 8 at 2).  Therefore, Plaintiff's request for review would be due no later than June 4, 2013.  *Id.*  However, Plaintiff requested the Appeals Council grant an extension of time of thirty days to file a civil action on March 31, 2013.  *Id.*

An extension of the sixty-day filing deadline may be granted by the Commissioner where a request is made to the Appeals Council in writing and with a showing that a claimant had "good cause for missing the deadline[.]"  20 C.F.R. § 404.982; *see also* § 404.911 (considering the existence of good cause, the Administration considers: (1) circumstances that kept the claimant from making the request on time; (2) whether any action of the agency misled the claimant; (3) whether the claimant did not understand the requirements of the Social Security Act resulting from amendments to the Act, other legislation, or court decisions; and (4) whether the claimant had any limitations which prevented her from timely filing).

The doctrine of equitable tolling allows for the statute of limitations to be extended in certain circumstances, because the Social Security regulations were "designed to be 'unusually protective' of claimants." *Bowen*, 476 U.S. at 480.  The Supreme Court noted,

> [Social Security Administration] regulations governing extensions of time for filing are based on considerations of fairness to claimants. Thus, the Secretary may grant an extension where a suit was not timely filed because of illness, accident, destruction of records, or mistake. Similarly, an extension may be granted where the claimant misunderstands the appeal process or is unable to timely collect necessary information, or where the Secretary undertook action that "misled" the claimant concerning his right to review.

*Id*. at 480, n. 12 (citing 20 C.F.R. §§ 404.911,416.1411).  Here, the Commissioner has not responded to Plaintiff's request for an extension of time, although the request was made within the sixty-day time period.  (Doc. 8 at 2).  For this reason, it is appropriate to apply the doctrine of equitable tolling for purposes of screening the compliant.  *See Aschettino v. Sullivan*, 724 F.Supp. 1116 (W.D.N.Y. 1989) (finding the plaintiff entitled to the doctrine of equitable of tolling when the Appeals Council did not act on the request for extension or even acknowledge it).

## V.     Conclusion and Order

Plaintiff's First Amended Complaint states a cognizable claim for judicial review of the decision denying her request for Social Security benefits.  Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. The Clerk of Court is DIRECTED to issue summons as to the defendant, Carolyn Colvin, Acting Commissioner of Social Security;
2. The Clerk of Court is DIRECTED to issue and serve Plaintiff with Social Security Case Documents, including the Scheduling Order, Order regarding Consent, the Consent Form, and USM-285 Forms;
3. Plaintiff **SHALL** complete and submit to the Court the "Notice of Submission of Documents in Social Security Appeal Form;" and
4. The U.S. Marshal is DIRECTED to serve a copy of the First Amended Complaint (Doc. 8), summons, and this order upon the defendant as directed by Plaintiff in the USM Forms.

IT IS SO ORDERED.

Dated:   **July 29, 2013**              **/s/ Jennifer L. Thurston**
                                                          UNITED STATES MAGISTRATE JUDGE